UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KATHLEEN CAUTELA,

    Plaintiff,

    v.

OHASHI TECHNICA U.S.A., INC., et al.,

    Defendants.

Case No. 2:08-cv-960
JUDGE GREGORY L. FROST
Magistrate Judge Mark R. Abel

## OPINION AND ORDER

This matter is before the Court for consideration of a combined motion to dismiss and motion for a more definite statement (Doc. # 21) filed by Defendants Ohashi Technica U.S.A., Inc., Hikaru Tatiewa, Dennis Leckron, and Masaya Hirose, a memorandum in opposition (Doc. # 27) filed by Plaintiff, Kathleen Cautela, and a reply memorandum (Doc. # 28) filed by Defendants. For the reasons that follow, this Court finds the combined motion well taken in part.

### I. Background

According to her pleading, Plaintiff, Kathleen Cautela, began working for Defendant Ohashi Technica U.S.A., Inc. ("Ohashi") in February 2007. Cautela was initially hired as a sales assistant who would assist Ohashi's IT Director, but she was demoted from that position in May 2007. She asserts that she was later constructively discharged in July 2008 after her health deteriorated as a result of Ohashi's purportedly discriminatory treatment of female employees of non-Japanese descent. The details of Cautela's factual allegations are not important for purposes of resolving the instant motions. She claims that Ohashi provides better pay, benefits, and treatment to males than to females and to Japanese individuals than to those of non-Japanese

1

descent.

Cautela filed the instant action on October 10, 2008. (Doc. # 2.) In a subsequently filed amended complaint, she asserts federal claims under Title VII and the Equal Pay Act of 1963, as well as numerous state claims under Ohio law, against Ohashi and against the individual defendants Hikaru Tatiewa, Ohashi's Senior Sales Manager, Dennis Leckron, Ohashi's Director of Administration, and Masaya Hirose, Ohashi's President, each of whom she pleads is "being sued both individually and in his official capacity." (Doc. # 20 ¶¶ 10-12.) Tatiewa, Leckron, and Hirose have filed a motion to dismiss the Title VII claims against them and have joined Ohashi in filing a motion for a more definite statement. (Doc. # 21.) The parties have completed briefing on the combined motion, which is ripe for disposition.

## II. Motion to Dismiss

### A. Standard Involved

Defendants Tatiewa, Leckron, and Hirose move for dismissal under Federal Rule of Civil Procedure 12(b)(6). This rule requires an assessment of whether Cautela has set forth Title VII claims upon which this Court may grant relief. Under the United States Supreme Court's most recent articulation of the analytic standard involved in applying this rule, this Court must construe the amended complaint in favor of Cautela, accept the factual allegations contained in the amended complaint as true, and determine whether Cautela's factual allegations present plausible Title VII claims. *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007); *Luckey v. Butler County*, No. 1:06cv123, 2007 WL 4561782, at *1 (S.D. Ohio Dec. 21, 2007) (characterizing *Bell Atlantic* as requiring that a complaint " 'state a claim to relief that is plausible on its face' " (quoting *In re OSB Antitrust Litigation*, No. 06-826, 2007 WL 2253419,

at *2 (E.D. Pa. Aug. 3, 2007))). To be considered plausible, a claim must be more than merely conceivable. *Bell Atlantic Corp.*, 127 S. Ct. at 1974; *Assoc. of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). Thus, the factual allegations of Cautela's amended pleading "must be enough to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp.*, 127 S. Ct. at 1964-65. *See also Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008).

**B. Analysis**

In their briefing, Tatiewa, Leckron, and Hirose argue that dismissal of Cautela's Title VII claims is warranted because they can be sued neither in their individual nor official capacities. This two-pronged argument is broader than the more narrow dismissal requested in their motion to dismiss, which states that the individual defendants seek "an order dismissing Plaintiff Cautela's Title VII (42 U.S.C. §2000e *et seq.*) claims against them in their individual capacities." (Doc. # 21, at 1.) In their memorandum in support of the motion (Doc. # 21) and in their reply memorandum (Doc. # 28), however, the individual defendants then present an argument that they also cannot be named in their official capacities and request that "Plaintiff's Title VII claims be dismissed against the individual defendants" (Doc. # 28, at 3). Because the individual defendants' briefing apparently seeks to broaden the scope of their motion and because Cautela's memorandum in opposition already presents an argument as to the possible dismissal of the Title VII official capacity claims against these defendants, the Court will proceed to treat the motion as targeting both the individual and official capacity claims asserted in the amended pleading.

The Court finds the individual defendants' argument for dismissal of the individual capacity Title VII claims well taken. Cautela even concedes in her memorandum in opposition

3

that such dismissal is warranted. (Doc. # 27, at 1.) This concession is appropriate given that the Sixth Circuit Court of Appeals has held that "[t]he law is clear in this circuit that individual liability may not be imposed on an employee, provided that the employee himself cannot be classified as an 'employer,' under Title VII." *Bangas v. Potter*, 145 F. App'x 139, 141 (6th Cir. 2005). *See also Ulmer v. Dana Corp.*, 115 F. App'x 787, 788 (6th Cir. 2004) (affirming district court's reasoning that "Title VII does not encompass claims against supervisors in their individual capacities"); *Creusere v. James Hunt Constr.*, 83 F. App'x 709, 711 (6th Cir. 2003) ("Title VII does not permit employees and supervisors to be sued in their individual capacities") *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997) ("We now hold that an individual employee/supervisor, who does not otherwise qualify as an 'employer,' may not be held personally liable under Title VII.").

This leaves the issue of whether Cautela's Title VII claims can remain pending against the individual defendants in their official capacities. The Sixth Circuit has not foreclosed such a possibility, stating:

> While the law is clear that a supervisor cannot be held liable in his or her individual capacity for violations of Title VII, there is support for the proposition that a supervisor may be held liable in his or her official capacity upon a showing that he or she could be considered the "alter ego" of the employer.

*Little v. BP Exploration & Oil Co.*, 265 F.3d 357, 362 n.2 (6th Cir. 2001). The court of appeals qualified this statement, however, by noting that the appellate court "has not clearly and definitively ruled on this issue and . . . need not do so today." *Id.* The issue apparently remains unresolved in this Circuit even eight years later. *See Butler v. Cooper-Standard Auto. Inc.*, No. 3:08 CV 162, 2009 WL 455337, at *17 (N.D. Ohio Feb. 23, 2009) ("The Sixth Circuit, however, has left open the possibility that 'a supervisor may be held liable on his or her official capacity

4

upon a showing that he or she could be considered the "alter ego" of the employer.' " (quoting *Little*, 265 F.3d at 362 n.2)). At least one district court in this Circuit has suggested that such an official capacity claim under Title VII can proceed. *Osman v. Isotec, Inc.*, 960 F. Supp. 118, 121 (S.D. Ohio 1997) ("In light of the overwhelming weight of recent authority, the Court finds that under Title VII a supervisor may be sued only in his or her official capacity as the agent of the employer . . . .").

The individual defendants argue that Cautela cannot bring a Title VII claim against the individual defendants in their official capacities because such claims can be asserted only against public and not private employer supervisors. There is some support for this position. *See, e.g., Smith v. American Int'l Group, Inc.*, 2002 WL 745603, at *5 (S.D.N.Y. Apr. 26, 2002) ("Moreover, the better reasoned cases hold that a Title VII suit cannot be maintained against an individual employed by a private employer in his 'official capacity.' " (citing *Gray v. Shearson Lehman Bros., Inc.*, 947 F. Supp. 132, 136 (S.D.N.Y. 1996); *Bakal v. Ambassador Constr.*, No. 94 Civ. 584, 1995 WL 447784, at *4 (S.D.N.Y. July 28, 1995)). This Court need not and does not resolve that issue because, given the Title VII claims against Ohashi itself, it simply does not matter whether the official capacity claims in dispute here proceed as separate claims.

The factual allegations of the amended complaint raise the possibility that the individual defendants had varying degrees of significant control over Cautela's hiring, working conditions, and constructive discharge such that they could potentially be considered the "alter ego" of Ohashi. *See Butler*, 2009 WL 455337, at *17 (explaining that such considerations apply in official capacity claim analysis). Assuming for the moment that redundancy is not an issue and necessarily crediting the factual allegations as true, this would lend support to the position that

5

Cautela has pled plausible Title VII claims against the individual defendants in their official capacities. Such a contention assumes that any justification for official capacity suits that exist in regard to public employers either extend to or do not make nonsensical such suits against private employers (*e.g.*, avoiding Eleventh Amendment or immunity problems). But such unnecessary private employer official capacity claims are wholly duplicative of the Title VII claims against Ohashi and add nothing to this litigation; therefore, although apparently not required, dismissal of the redundant claims is permissible. *See Miller v. Rudd*, No. C2-97-317, 2001 WL 242588, at *11 (S.D. Ohio Feb. 6, 2001) (collecting cases permitting dismissal of official capacity claims); *see also Thanongsinh v. Bd. of Educ.*, 462 F.3d 762, 771 (7th Cir. 2006) (recognizing without discussion that district court had dismissed official capacity Title VII claim against an individual as redundant and synonymous with claim against employer); *Collins v. Meike*, 52 F. App'x 835, 836 (7th Cir. 2002) (same); *Norman v. FPL Foods, LLC*, No. CV 109-029, 2009 WL 1904577, at *2 (S.D. Ga. July 1, 2009) ("[I]n a Title VII action, a court properly dismisses employees sued in their official capacities where the plaintiff also properly names his employer as a defendant.").

The Court thus finds the motion to dismiss the official capacity Title VII claims against the individual defendants well taken while noting that the substantive bases for these claims survive in this litigation as embodying the Title VII claims against Ohashi.[1] This in no way narrows any potential remedy available to Cautela because Ohashi and only Ohashi can be responsible for any relief she might obtain (even under the official capacity theory), not the

---

[1] Having concluded that dismissal is warranted on the grounds discussed above, the Court need not and does not reach the moot issue of whether Cautela failed to name the individual defendants in her charges of discrimination.

individual defendants.

### III. Motion for a More Definite Statement

#### A. Standard Involved

Federal Rule of Civil Procedure 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).

#### B. Analysis

Defendants Ohashi, Tatiewa, Leckron, and Hirose request that this Court order Cautela to provide "a more definite statement of which allegations and claims pertain to which specific Defendant." (Doc. # 21, at 6.) They complain that the amended complaint generally alleges that all these defendants engaged in all of the conduct set forth in the pleading, which makes fashioning a responsive pleading problematic. Cautela in turns argues that the request is disingenuous because each defendant had knowledge of that defendant's interaction or involvement with Cautela. Additionally, Cautela suggests that to the extent a defendant is not certain of his interaction with Cautela, he is within his rights to deny her allegations.

Courts generally disfavor Rule 12(e) motions in light of the liberal pleading standards and extensive pretrial discovery practices set forth in the Federal Rules of Civil Procedure. *See Green v. Begley Co.*, No. 1:08cv77, 2008 WL 4449065, at *4 (S.D. Ohio Sept. 29, 2008). Courts are also often reluctant to grant such motions when a party is seeking to use the motion as a substitute for discovery. *Id.*

Review of the amended complaint indicates that it is not a model pleading. But Cautela's

7

pleading is not so vague that it is unreasonable to expect Defendants to frame a responsive pleading. Nor will denial of the Rule 12(e) motion prejudice Defendants in this litigation. Pretrial discovery can help Defendants fill in any possible gaps in detail in the amended complaint, which while lacking some detail is not unintelligible. *See Bakery, Confectionery, Tobacco Workers & Grain Millers Int'l Union, Local No. 57, AFL-CIO, CLC v. New Bakery Co. of Ohio, Inc.*, No. 2:08-cv-110, 2008 WL 2491673, at *1 (S.D. Ohio June 16, 2008) ("A motion for more definite statement 'is designed to strike at unintelligibility rather than simple want of detail . . . [It] must be denied where the subject complaint is not so vague or ambiguous as to make it unreasonable to use pretrial devices to fill any possible gaps in detail.' " (quoting *Jakovich v. Hill, Stonestreet & Co*., No. 1:05 CV 2126, 2005 WL 3262953, at *3 (N.D. Ohio Nov. 30, 2005)). Accordingly, the Court finds Defendants' motion for a more definite statement not well taken.

### IV. Conclusion

This Court **GRANTS IN PART** and **DENIES IN PART** the combined motion to dismiss and motion for a more definite statement. (Doc. # 21.) The Court **GRANTS** the requested dismissal of Cautela's Title VII claims against Tatiewa, Leckron, and Hirose in their individual and official capacities, but **DENIES** the request for a more definite statement.

**IT IS SO ORDERED**.

    /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE